1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                         **CENTRAL DISTRICT OF CALIFORNIA**

10                              **SOUTHERN DIVISION**

11

12   SUZANNE GETCHEL,                    )       No.  SACV 08-1278 (CW)
                                         )
13                  Plaintiff,           )       DECISION AND ORDER
              v.                         )
14                                       )
     MICHAEL J. ASTRUE,                  )
15   Commissioner, Social                )
     Security Administration,            )
16                                       )
                    Defendant.           )
17   _____        )

18

19        The parties have consented, under 28 U.S.C. § 636(c), to the

20   jurisdiction of the undersigned magistrate judge.  Plaintiff seeks

21   review of the denial of disability benefits.  The court finds that

22   judgment should be granted in favor of defendant, affirming the

23   Commissioner's decision.

24                           **I.  BACKGROUND**

25        Plaintiff Suzanne Getchel was born on March 24, 1947, and was

26   sixty-one years old at the time of her administrative hearing.

27   [Administrative Record ("AR") 6, 9.]  She has two years of college

28   education and past relevant work experience as a teacher's aide. [AR

                                      1

9.]  Plaintiff alleges disability on the basis of severe headaches and
multiple work-related injuries to her neck, shoulders, arms, back and
legs. [AR 45.]

## II.  PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on November 12, 2008, and filed
on November 19, 2008.  On July 13, 2009, defendant filed an answer and
plaintiff's Administrative Record ("AR").  On June 26, 2009, the
parties filed their Joint Stipulation ("JS") identifying matters not
in dispute, issues in dispute, the positions of the parties, and the
relief sought by each party.  This matter has been taken under
submission without oral argument.

## III.  PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for a period of disability and disability
insurance benefits ("DIB") under Title II of the Social Security Act
on April 5, 2007, alleging disability since December 22, 2005. [AR 30,
107.]  After the application was denied initially and on
reconsideration, plaintiff requested an administrative hearing, which
was held on July 30, 2008, before Administrative Law Judge ("ALJ")
Kevin M. McCormick. [AR 6-24.]  Plaintiff appeared with counsel, and
testimony was taken from plaintiff and vocational expert Aida
Worthington. [AR 7.]  The ALJ denied benefits in a decision dated
August 21, 2008.  [AR 30-37.]  When the Appeals Council denied review
on September 19, 2008, the ALJ's decision became the Commissioner's
final decision. [AR 1-3.]

## IV.  STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the
Commissioner's decision to deny benefits.  The Commissioner's (or
ALJ's) findings and decision should be upheld if they are free of

2

legal error and supported by substantial evidence.  However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits.  <u>See</u> <u>Aukland v. Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001); <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1147 (9th Cir. 2001); <u>Osenbrock v. Apfel</u>, 240 F.3d 1157, 1162 (9th Cir.  2001); <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1097 (9th Cir. 1999); <u>Reddick v. Chater</u>, 157 F.3d 715, 720 (9th Cir. 1998); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1279 (9th Cir. 1996); <u>Moncada v. Chater</u>, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." <u>Reddick</u>, 157 F.3d at 720.  It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." <u>Id</u>.  To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." <u>Id</u>.  "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. <u>Reddick</u>, 157 F.3d at 720-721; <u>see also</u> <u>Osenbrock</u>, 240 F.3d at 1162.

**V.  <u>DISCUSSION</u>**

**A.   THE FIVE-STEP EVALUATION**

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months.  <u>Tackett</u>, 180 F.3d at 1098; <u>Reddick</u>, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

3

Disability claims are evaluated using a five-step test:

Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.

Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288.  If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age,

---

[1]  Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to

4

1   education, and work experience, a claimant can perform other work

2   which is available in significant numbers. <u>Tackett</u>, 180 F.3d at 1098,

3   1100; <u>Reddick</u>, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

4   **B.   THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

5        Here, the ALJ found that plaintiff had not engaged in substantial

6   gainful activity since her alleged disability onset date (step one);

7   that plaintiff had "severe" impairments, namely mild cervical

8   spondylosis, a cervical strain, left C5-6 radiculopathy, diffuse

9   osteopenia of the spine, a sprain of both shoulders, a contusion and

10  sprain of the right knee, lateral epicondylitis of both elbows,

11  moderate degenerative disc disease of the thoracic spine, moderate

12  facet degeneration of the lumbar spine, a thorocolumbar strain and

13  moderate degenerative changes of the acromioclaviular joint of both

14  shoulders (step two); and that plaintiff did not have an impairment or

15  combination of impairments that met or equaled a "listing" (step

16  three). [AR 32.]  The ALJ found that Plaintiff had an RFC for "light

17  work which permits lifting and/or carrying 30 pounds occasionally and

18  15 pounds frequently; standing and walking for six hours out of an

19  eight hour workday in two hour intervals with no limitation on

20  sitting; occasional bending and stooping; with the left upper

21  extremity, occasionally push and pull, frequent use of hand controls

22  and tools, frequent simple gripping and frequent distal fine

23  coordinate movements with the left hand and fingers; with the right

24  upper extremity the claimant can frequently push and pull, frequent

25

26  work without directly limiting strength, and include mental, sensory,
    postural, manipulative, and environmental limitations. <u>Penny v.</u>
    <u>Sullivan</u>, 2 F.3d 953, 958 (9th Cir. 1993); <u>Cooper</u>, 800 F.2d at 1155
27  n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a
    nonexertional limitation. <u>Penny</u>, 2 F.3d at 959; <u>Perminter v. Heckler</u>,
28  765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

operation of hand controls, avoid using heavy power tools, frequent simple gripping and frequent distal fine coordinated movements with the right hand and fingers." [AR 32-33.]  The vocational expert testified that a person with Plaintiff's RFC could perform Plaintiff's past relevant work as a teachers aide, as it is generally performed in the national economy (step four). [AR 36.]  Accordingly, Plaintiff was found not "disabled" as defined by the Social Security Act. [Id.]

**C.   ISSUES IN DISPUTE**

The parties' Joint Stipulation sets out the following disputed issues:

1.   Whether the ALJ properly considered the opinion of the examining physician, Dr. Robert A. Moore;

2.   Whether the ALJ posed a complete hypothetical question to the vocational expert based on Dr. Moore's opinion; and

3.   Whether the ALJ properly determined that Plaintiff could return to her past relevant work.

[JS 2-3.]

**D.   DR. MOORE'S OPINION**

In September 2007, Plaintiff underwent a Neurological Evaluation conducted by Dr. Robert A. Moore. [AR 222-26.]  Plaintiff reported a "ten year history of symptomatology," including pain in her neck, left shoulder and lower back.  Dr. Moore's review of Plaintiff's medical records included a September 2006 MRI scan revealing "2-3 mm discogenic lesions at C3 through C7," an MRI scan of the left shoulder revealing "supraspinatus tendinopathy on the left" and a November 2006 EMG revealing "some abnormalities in the left brachioradialis and biceps." [AR 223.]  Plaintiff's medications included fluoxetine, Fosamax, Soma, atenolol and an estrogen supplement. [Id.]

6

Upon physical examination, Dr. Moore noted, among other things, that Plaintiff had tenderness in the left lower paracervical and trapezius muscles and minor tenderness over the lower paralumbar muscles without associated paralumbar muscle spasm. [AR 223-24.]  Upon neurological examination, Dr. Moore noted, among other things, that Plaintiff was alert and oriented to person, place and time, that her speech was normal, and that she had a normal and spontaneous gait. [AR 224.]  Dr. Moore diagnosed Plaintiff with mild cervical and lumbar spondylosis and tendinitis of the left shoulder and right elbow. [AR 225.]

For purposes of Plaintiff's functional capacity, Dr. Moore stated that in his opinion, Plaintiff could stand and walk for six hours out of an eight-hour workday, sit in an unrestricted manner, occasionally bend and stoop and operate foot controls. [AR 225.] However, with Plaintiff's left arm, "because of her neck and left shoulder, the claimant can only occasionally push and pull.  She would have slight difficulty operating hand controls and using tools.  She can perform frequent simple gripping and frequent distal fine coordinated movements with the left hand and fingers."  As for Plaintiff's right arm, "because of her tendinitis of the right elbow, the claimant can frequently push and pull.  She would have slight difficulty operating hand controls.  She should avoid using heavy power tools.  She can perform occasional to frequent simple gripping and frequent distal fine coordinated movements with the right hand and fingers." [Id.] Dr. Moore's final determination was that Plaintiff could "intermittently left and carry 30 pounds and more frequently lift and carry 15 pounds." [AR 226.]

The ALJ found that Dr. Moore's opinion "is persuasive and is

7

1   given the greatest weight in determining the claimant's residual

2   functional capacity" because it was based on a physical examination

3   and a review of the medical records and was corroborated by other

4   medical evidence. [AR 35.]  At the administrative hearing, the ALJ

5   asked the vocational expert to refer to Dr. Moore's opinion and asked

6   whether a person with the limitations set out by Dr. Moore, including

7   "with the right upper extremity and perform occasional to frequent –

8   can perform up to frequent simple gripping and frequent distal fine

9   coordinative movements with the right hands and fingers," could

10  perform Plaintiff's past relevant work as it is either customarily or

11  actually performed. [AR 17-18.]  The vocational expert responded that

12  such a person could perform Plaintiff's past relevant work as a

13  teacher's aide as it was customarily, but not actually, performed. [AR

14  18.]  The vocational expert also testified that a person with

15  Plaintiff's limitations "should be able to perform that job using the

16  right upper extremity [as] necessary." [AR 19.]  Based on this

17  vocational evidence, the ALJ found plaintiff not disabled. [AR 36.]

18      Plaintiff asserts that the ALJ's decision was not supported by

19  substantial evidence because the ALJ disregarded Dr. Moore's opinion

20  that Plaintiff was limited to "occasional to frequent simple gripping"

21  with the right hand [JS 3 (Claim One)], failed to incorporate this

22  limitation into the hypothetical question asked to the vocational

23  expert [JS 8 (Claim Two)], and failed to account for the inconsistency

24  between Plaintiff's limitation and the description of the teacher's

25  aide job in the Dictionary of Occupational Titles ("DOT"), which calls

26  for "frequent handling" [JS 11 (Claim Three)].  None of these claims

27  has merit.

28      The record shows that the ALJ did credit all of Dr. Moore's

8

1   limitations and accounted for them in the hypothetical question asked
2   to the vocational expert. [AR 18.]  Although the description of the
3   limitation provided by Dr. Moore did not correspond exactly to the
4   wording of the ALJ's RFC finding or to the hypothetical question asked
5   of the vocational expert, the question did clearly account for a
6   limitation to "occasional to frequent simple gripping" with the right
7   hand and fingers; moreover, the ALJ requested that the vocational
8   expert refer directly to Dr. Moore's opinion prior to answering the
9   question. [Id.]  Accordingly, the record indicates that the vocational
10  expert was made aware of all of the limitations described by Dr. Moore
11  before giving her testimony.
12      Plaintiff further argues that the ALJ disregarded the
13  inconsistency between Dr. Moore's limitation of Plaintiff to
14  "occasional to frequent simple gripping" of the right hand with the
15  description of the teacher's aide position in the Dictionary of
16  Occupational Titles (DOT 249.367-074: Teacher Aide II), which states
17  that the job requires "frequent" handling. [JS 11.]  However, the
18  vocational expert explained that Plaintiff should be able to perform
19  that job as it is generally performed using the right upper extremity
20  as necessary.  Moreover, the record does not suggest that Plaintiff is
21  limited to less than frequent handling of all types with her right
22  hand, given that Dr. Moore stated she could perform frequent distal
23  fine coordinated movements with the right hand and fingers.  Neither
24  does the record indicate that Plaintiff has a significant limitation
25  in her ability to perform handling with her left hand nor that her
26  limitations derive primarily from her hands.  Under these
27  circumstances, this claim does not warrant reversal of the
28  Commissioner's decision.

1

## VI.  ORDERS

2
     Accordingly, **IT IS ORDERED** that:

3
     1.    The decision of the Commissioner is **AFFIRMED.**

4
     2.    This action is **DISMISSED WITH PREJUDICE.**

5
     3.    The Clerk of the Court shall serve this Decision and Order

6
and the Judgment herein on all parties or counsel.

7

8
DATED:   August 6, 2009

9
                                              _____/S/_____

10
                                         CARLA M. WOEHRLE
                                  United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10